BENTON FULLER ET AL. v. DENISON & SHERMAN
RAILWAY COMPANY.

Decided May 6, 1903.

**1.—Negligence—Personal Injury—Street Cars.**

Where, in an action for injury received in alighting from a moving street car after it had passed plaintiff's stopping place, plaintiff testified that before reading the place he rang the bell three times, which was the signal to stop, and the motorman testified that he did not hear the bell ring, it was error for the court to charge that if the jury believed that the motorman did not hear the bell ring they should find for the defendant, as the evidence raised the issue of negligence on the motorman's part in failing to hear the bell ring.

**2.—Same—Evidence—Contributory Negligence.**

Defendant having pleaded that plaintiff was guilty of contributory negligence in leaving the car as he did, evidence was admissible for the plaintiff, who was a boy, to show that the motorman—there being no conductor—was rough in his demeanor towards the boy while collecting fare, and again demanded the fare after it had been overpaid, as showing ground for the boy's belief that the motorman would carry him on down town unless he got off at the time he did.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxcy.

*Webb & Jones* and *A. L. Beaty,* for appellants.

*Head & Dillard,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Two suits were instituted by J. F. Fuller, one as next friend of his minor son, Benton Fuller, and the other for himself, in the District Court of Grayson County against the Denison & Sherman Railway Company, to recover damages for injuries received by said minor, Benton Fuller, while alighting from one of appellee's electric street cars in Sherman, Texas. The defendant answered by general denial and plea of contributory negligence. By agreement the cases were consolidated and tried together, and from a verdict and judgment for defendant the plaintiffs have appealed.

*Opinion.*—1. In the fifth paragraph of the charge the court instructed the jury as follows: "If you believe from the evidence that said Benton Fuller did ring said bell as a signal for said employe to stop said car, but if you further find and believe from the evidence that said employe did not hear said bell * * * you will find for defendant." It is contended that this charge is error in that it eliminates from the jury the issue of negligence on the part of the motorman in failing to hear the bell, if it was rung. The petition alleged: "That said Benton Fuller informed said agents and employes in charge of said street car that he wished to leave said car at said H. M. Fuller's. That at the proper distance before they reached H. M. Fuller's residence, he rang the bell which was attached to said street car and gave the

usual signal to stop. That he did this repeatedly, but notwithstanding this information and signal defendant's agents and employes in charge of said car negligently and carelessly failed and refused to stop said car and to let said Benton Fuller off." The plaintiff was a passenger on one of appellee's electric cars in Sherman, Texas, on the 3d day of November, 1901, and had paid his fare. He desired to get off at his grandfather's residence on South Travis street. There was no conductor on the car, and the motorman was in charge.

There were two bells on the car for signaling the motorman by pulling a cord which ran through the car. There was a third cord which ran through the car connected with the fare register. When within a block or a block and a half of his grandfather's residence, plaintiff testified he got up and rang the bell as a signal for the car to stop. He says: "I rang the bell two or three times." This was the usual signal for the car to stop. The car did not check its speed; and the boy undertook to get off while the car was in motion, and in doing so he was injured, his leg being broken. The motorman testified, without contradiction, that he did not hear the bell ring and knew nothing of the accident until he got to the end of the line. It was the duty of the motorman to use reasonable care in listening for the usual signal to stop the car and give passengers an opportunity to alight, and his failure to perform this duty would constitute negligence. The pleadings of the plaintiff were sufficient to raise the issue of negligence on the part of the motorman in failing to use ordinary care and diligence to hear the bell, if it was rung. The evidence raised the issue as to whether the bell was rung, and, if so, whether there was negligence on the part of the motorman in failing to hear it and in failing to stop the car. The charge of the court eliminating this issue from the jury was error.

2. The plaintiffs offered the testimony of J. A. Darland, as follows: "That after Benton Fuller boarded the car on the date he received his injuries the motorman in charge of the car came back through the car collecting fares; that Benton Fuller handed him 10 cents, the fare being 5 cents, which was dropped on the floor just as it reached the motorman; that said piece of money went partly under the seat where the witness Darland was sitting, and that he, Darland, picked it up and handed it back to Benton Fuller or the motorman, the hands of the three parties meeting, and that the motorman took the dime and went on through the car and back to the front without giving Benton Fuller the change;" and offered to prove by said Darland and Benton Fuller that after the car had gone some distance, and while it was yet five or six blocks north of the place where Benton Fuller received his injuries, said motorman again came through the car and demanded a fare from Benton Fuller; that Benton Fuller replied that he had paid his fare and that the motorman had kept the change, and demanded that the motorman return his change. Whereupon the motorman denied having collected or having retained the change, and stated that Benton Fuller must pay him the fare; that said motorman's voice was harsh and he appeared

to be angry; that at this juncture the witness Darland interposed and said Benton Fuller had paid his fare and reminded the motorman of the incident above mentioned, whereupon the motorman returned and went back to the car frowning and muttering to himself." This testimony was objected to by defendant as being irrelevant and immaterial, and because there was no pleading to support it. The objection was sustained and the plaintiff took a bill of exceptions. Benton Fuller testified that when he got off, the car had passed his grandfather's residence. He says he got off because he thought the motorman would carry him on down if he kept running. The evidence excluded was relevant as tending to show that there was ground for the plaintiff's belief that the motorman would carry him down town unless he got off at the time he did. Defendant had plead that the plaintiff was guilty of contributory negligence in leaving the car at the time and in the manner he did.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*